UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBORAH QUATTROCCHI,

    Plaintiff,

  v.

ALLSTATE INDEMNITY COMPANY,

    Defendant.

No. 2:17-cv-01578-JAM-EFB

**ORDER GRANTING ALLSTATE INDEMNITY COMPANY'S MOTION TO DISMISS**

Plaintiff Deborah Quattrocchi ("Plaintiff" or "Quattrocchi") suffered injuries from an auto accident in 2014. First Am. Compl. ("FAC") ¶ 2, Notice of Removal, ECF No. 1-1, Ex. A. After her primary medical plan paid for her medical bills, Plaintiff reimbursed the primary medical plan from proceeds she obtained from a settlement with a third-party tortfeasor. Id. ¶ 3. Plaintiff then sought excess coverage from Defendant Allstate Indemnity Company ("Defendant" or "Allstate") to cover up to $5,000 of these medical bills under the party's policy agreement (the "Policy").[1] Id. ¶¶ 18-19, 22. After Defendant declined

---

[1] As Defendant points out in its reply brief, Plaintiff appears to seek a double recovery — her medical bills have been paid for by Kaiser, and she reimbursed Kaiser using the proceeds from her settlement with the tortfeasor. Reply at 2, ECF No. 20.

1

coverage, Plaintiff sued it for violating California's Unfair Competition Law, codified at Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). See generally FAC. Defendant now moves to dismiss for failure to state a claim.[2] See Mem., ECF No. 12. Plaintiff opposes. See Opp'n, ECF No. 17. For the reasons below, the Court grants Defendant's motion with prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, Plaintiff suffered injuries from an auto accident. FAC ¶¶ 2, 13. Her medical bills were covered through her primary medical plan, Kaiser. Id. ¶¶ 3, 17. Plaintiff later reimbursed Kaiser for the amount of that coverage with the proceeds from a settlement she reached with the driver of the other vehicle from her auto accident. Id. ¶ 18. In December 2015, Plaintiff made a demand on Defendant for payment of up to $5,000 for her bodily injury medical treatment under the excess coverage provisions of the Policy. Id. ¶¶ 19, 22.

Defendant denied payment one week later and requested proof of Plaintiff's claim, following the terms of the Policy.[3] FAC ¶ 19. Specifically, the Policy states, in relevant part, that "any person making claim must give us written proof of claim. It

---

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

[3] Defendant requested the Court take judicial notice of the Policy since it is central to the complaint. Defendant's Request For Judicial Notice, ECF No. 12-1. The Court grants Defendant's request. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

must include all details <u>we</u> may need to determine the amounts payable." Policy, AU104-3 at 12, Ex. A. to Request for Judicial Notice, ECF No. 12-1, (emphasis bolded in original). In response, Plaintiff submitted what she believed to be the requested additional information. FAC ¶ 20.

In May 2016, Defendant responded and again declined payment, claiming that "Allstate covers only those charges for which you must pay out-of-pocket such as co-pays and deductibles after your primary health plan has processed their portion of the claim." FAC ¶ 21. The Policy states, in relevant part, that "<u>Allstate</u> will not be liable to the extent that any elements of loss covered under Coordinated Medical protection are paid, payable or required to be provided to or on behalf of <u>you</u> or a <u>resident</u> relative under the provisions of any and all <u>primary medical plans</u>" and that "Coverage CX will apply on a primary basis to expenses for elements of loss which are not covered under the <u>primary medical plan</u> applicable to <u>you</u> or <u>resident</u> relatives." Policy at 4 (emphasis bolded in original).

After Defendant denied Plaintiff coverage under the Policy, she brought this suit on December 16, 2016 in Sacramento County Superior Court, claiming Defendant violated the UCL by denying her coverage. <u>See</u> Compl., Ex. A to Notice of Removal. Plaintiff subsequently amended the complaint. <u>See generally</u> FAC. Defendant then removed the lawsuit to this Court on July 31, 2017. Notice of Removal.

///

///

///

3

II. OPINION

Defendant argues Plaintiff's UCL claim fails because the Policy permitted Defendant to require documentation of Plaintiff's claims and to decline to pay Plaintiff's claims where a primary medical plan paid for Plaintiff's treatment, even though she later reimbursed the primary medical plan out of the proceeds from a settlement. See Mem. at 8-9. The Court agrees.

To bring a UCL claim under Cal. Bus. & Prof. Code § 17200 et seq., a plaintiff must show either (1) unlawful, unfair, or fraudulent business acts or practices, or (2) unfair, deceptive, untrue, or misleading advertising. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033 (9th Cir. 2003). If the claim is to survive a motion to dismiss, a plaintiff must establish that the practice is either (1) proscribed by law, (2) unfair, meaning the harm to the victim outweighs any benefit, or (3) fraudulent, meaning it is likely to deceive members of the public. See id.

Courts have dismissed UCL claims where the defendant has followed the express language of unambiguous provisions from insurance policies and other contracts. See Guerard v. CAN Fin. Corp., No. 4:09-CV-01801SBA, 2009 WL 3152055 (N.D. Cal. Sept. 23, 2009) (finding no contractual violation where insurer denied benefits for home health care services provided by plaintiff's children because the policy did not cover services provided by family members); see also Baymiller v. Guarantee Mut. Life Co., No. SA CV 99-1566 DOC AN, 2000 WL 1026565, at *4 (C.D. Cal. May 3, 2000) (dismissing UCL claim where the alleged misconduct of misrepresenting how insurance charges would be calculated and whether premiums would vanish was consistent with the express

4

language of the applicable insurance policies); <u>Roots Ready Made Garments Co., W.L.L. v. Gap, Inc.</u>, 405 F. App'x 120, 122-23 (9th Cir. 2010) (affirming dismissal of UCL claim because Gap's termination of the contract before plaintiff could recoup its investment was permitted by the contract and courts lack the license to review the fairness of contracts).  Indeed, "[w]here the plain language of an insurance policy is 'clear and unambiguous, the court must enforce it as written and cannot modify the contract or create ambiguity where none exists.' " <u>Oceanside Pier View, L.P. v. Travelers Prop. Cas. Co. of America</u>, No. 07CV1174 WQH POR, 2008 WL 7822214, at *6 (S.D. Cal. May 6, 2008) (quoting <u>Contractors Equip. Maint. Co. v. Bechtel Hanford, Inc.</u>, 514 F.3d 899, 903 (9th Cir. 2008)).

Plaintiff alleges Defendant violated the UCL by(1)improperly requiring Plaintiff to submit her health insurer's explanation of benefits showing its payment consideration of the relevant bills when the Policy does not contain such a requirement and (2) declining to pay Plaintiff's claims where a primary medical plan paid for the relevant medical treatment and then Plaintiff reimbursed the primary medical plan for the cost of this care from the proceeds of a settlement.  FAC ¶¶ 3-6, 42.

A.   <u>Defendant's Proof Of Loss Requirement</u>

The Court finds that Plaintiff's first allegation of a UCL violation fails because Defendant enforced the express conditions of the Policy in requiring Plaintiff to provide a proof of claim.

Insurers may deny coverage based on a plaintiff's failure to provide a proof of claim.  See, e.g., <u>1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.</u>, 135 Cal. App. 4th 1009, 1018

(2005) ("total failure to comply with the notice and proof of loss conditions will excuse insurer liability due to the failure of a condition precedent. . . . The burden is on the insured to initiate and support a claim.") (citations omitted); Abdelhamid v. Fire Ins. Exch., 182 Cal. App. 4th 990, 1000 (2010) ("The deficiencies in Abdelhamid's proof of loss were a far cry from minor defects and no reasonable trier of fact could conclude she substantially performed her obligations or complied with the condition of her insurance contract requiring her to provide a proof of loss with supporting documentation.")

Here, the Policy provides that "any person making claim must give **us** written proof of claim. It must include all details **we** may need to determine the amounts payable." Policy at 12 (emphasis bolded in original). So Plaintiff's Policy expressly provided that Defendant required Plaintiff to submit a proof of claim, including showing her health insurer's actions in connection with the subject medical bill. Because this requirement was an unambiguous part of the Policy, Defendant cannot be liable for violating the UCL by following the Policy. See Guerard, 2009 WL 3152055; see also Baymiller, 2000 WL 1026565, at *4; Roots Ready Made Garments Co., 405 F. App'x at 122-23.

      B.    Defendant's Refusal To Pay Benefits

The Court also finds that Plaintiff's second allegation of a UCL violation fails because the Policy allowed Defendant to deny coverage where a primary medical plan paid for medical treatment.

Again, courts have found that no UCL claims lie where the defendant has followed the express language of unambiguous

provisions from insurance policies and other contracts. See Guerard, 2009 WL 3152055; see also Baymiller, 2000 WL 1026565, at *4; Roots Ready Made Garments Co., 405 F. App'x at 122-23.

The Policy in this case provides in relevant part that "Allstate will not be liable to the extent that any elements of loss covered under Coordinated Medical protection are paid, payable or required to be provided to or on behalf of you or a resident relative under the provisions of any and all primary medical plans" and that "Coverage CX will apply on a primary basis to expenses for elements of loss which are not covered under the primary medical plan applicable to you or resident relatives." Policy at 4 (emphasis bolded in original). Here, the relevant medical bills were paid for by Kaiser, meaning the Policy allowed Defendant to refuse coverage on those medical bills. Id.; see FAC ¶ 19. That Plaintiff later reimbursed Kaiser from the proceeds she obtained from a settlement does not change the fact that the bills were first paid for and covered by a primary medical plan (Kaiser).

Because there is no language in the Policy that creates ambiguity about coverage in this situation, Defendant followed the explicit language of the Policy. There is no plausible basis for finding that Defendant violated the UCL by denying coverage.

In her opposition, Plaintiff relies on Rubin v. State Farm Mut. Auto Ins. Co., 118 Nev. 299, 303-04 (2002) to argue that "when a primary health insurer requires its insured to reimburse, to incur, the cost of that care out of the proceeds of a third-party settlement, the only reasonable expectation is that such medical expenses were, as a result, 'not covered' under her

primary plan." Opp'n at 6. Rubin is inapposite. First, it is a Nevada state court decision which analyzed only Nevada state law. Rubin, 118 Nev. 299. Second, the court in Rubin found for the insured because it found the term "payable" ambiguous as to whether it applied in a situation where workers' compensation benefits were reimbursed. Id. at 304. But here, the coverage exclusion in the Policy excludes coverage for bills that are "payable" and also "paid," unlike in Rubin. Policy at 12. Further, the Policy here does not apply for bills unless they are "not covered" under the primary plan. Policy at 4. Kaiser covered the bills by paying for them, even if Plaintiff later reimbursed Kaiser through funds she got from a settlement. FAC ¶ 18. Plaintiff's attempt to apply the reasoning in Rubin to this case fails.

Plaintiff also makes two other claims in her opposition. First, Plaintiff seems to make an estoppel-type argument, claiming that Defendant could not later reject Plaintiff's claim for coverage after asking her for more information in December 2015. Opp'n at 9. Plaintiff provides no legal support for this claim and the Court rejects it. Second, Plaintiff argues that because Defendant's claims rate rejection is high, there should be further investigation of the expectations of an insured and what Defendant contends the Policy covers. Id. But the two cases Plaintiff provides in support of this argument examined extrinsic evidence where, unlike here, the insurance contracts were ambiguous. Cooper Cos. v. Transcontinental Ins. Co., 31 Cal. App. 4th 1094, 1107 (1995); Employers' Rein. Co. v. Sup. Ct., 161 Cal. App. 4th 906, 921 (2008). The Court also rejects

8

this argument.

Finally, Plaintiff requests the opportunity to amend if the Court concludes that she did not allege a viable UCL Claim. See Opp'n at 15. But the Court need not grant leave to amend where amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006). As explained above, the Policy is unambiguous and allows Defendant to decline coverage where a primary medical plan paid for the applicable medical treatment, even where the Plaintiff later reimbursed the primary medical plan from a settlement with a tortfeasor. Plaintiff has pointed to no facts that suggest amendment could rectify this problem. The Court denies Plaintiff's request.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: January 8, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE